## Commonwealth ex rel. Lehman v. Shuey

*Harry B. Goldberg* of *Goldberg, Evans & Katzman,* for relatrix.

*Floyd M. Baturin* of *Baturin & Baturin,* for respondent.

WICKERSHAM, J., February 17, 1972.—This matter is before the court on a petition for writ of habeas corpus filed by relatrix, Patricia Ann Lehman, pertaining to her two children, Audrey Ann Shuey, born March 12, 1961, and Justine Marie Shuey, born June 23, 1963. Respondent, Robert David Shuey, filed preliminary objections in the nature of a petition raising a question of jurisdiction, alleging, in effect, that he, Robert David Shuey, was a resident of Lebanon County, Pa., and that the two children in question reside with respondent in Lebanon County at the residence of his parents, 48 North Chestnut Street, Annville, Lebanon County, Pa., and that, as a consequence, the Dauphin County court lacks jurisdiction to hear and determine the petition for writ of habeas corpus.

A hearing was held on January 25, 1972, on the preliminary objection in the nature of a motion to dismiss for lack of jurisdiction at which time and

place eight witnesses testified, including relatrix and respondent.

Basically, the evidence indicated that Patricia Ann Lehman and Robert David Shuey resided together as husband and wife at 6222 Catherine Street, Lower Paxton Township, Harrisburg, Pa., up until their separation on June 24, 1971, along with the two children aforementioned. At the time of the separation relatrix, Patricia Ann Lehman, moved to 225 Willow Road, Harrisburg, Dauphin County, Pa., taking the two children with her, and her husband continued to live at 6222 Catherine Street, Dauphin County, Pa., On Friday, July 9, 1971, respondent took the two children, ostensibly for a weekend visit to his parents' home in Lebanon County and, to the date of this proceeding the children have resided in Lebanon County at the home of respondent's parents, 48 North Chestnut Street, Annville, Lebanon County, Pa.

Respondent, Robert David Shuey, is employed at New Cumberland Army Depot, Cumberland County, Pa., and travels daily from his residence in Annville to his place of employment. He still owns and maintains the property at 6222 Catherine Street, Dauphin County, Pa. The children attend school in North Annville, Lebanon County, Pa. He occasionally visits the property at 6222 Catherine Street, sometimes sleeping there over night but denies that it is his residence any longer.

The parties to this proceeding were divorced December 17, 1971, by a decree issued out of this court.[1] Fol-

---

[1] Patricia Ann Shuey, as plaintiff, brought an action in divorce against Robert David Shuey, as defendant, to June term, 1971, no. 539, Civ. Div., and a decree in divorce was signed December 17, 1971, by the Hon. John C. Dowling on the ground of indignities.

lowing the action in divorce, relatrix entered into a marriage with Daniel W. Lehman December 30, 1971. The present petition for a writ of habeas corpus was filed in the office of the Prothonotary of Dauphin County January 6, 1972, at which time petitioner, Patricia Ann Lehman, alleged that she resided at Manada Creek Court, R. D. 1, Grantville, Dauphin County, Pa., and that respondent, Robert David Shuey, resided at 6222 Catherine Street, Harrisburg, Dauphin County, Pa.

Patricia Ann Lehman further alleged that respondent has, without any cause whatsoever, refused to return the children to her since Friday, July 9, 1971, notwithtanding numerous attempts on her part to have the children returned to her, and prays for legal custody of the children to be vested in her. As stated, respondent filed a preliminary objection, denying jurisdiction in the Dauphin County court and alleging that both he and the children were residents of Lebanon County, Pa., at the time of the institution of the proceedings January 6, 1972, although he was, in fact, personally served by the Sheriff of Dauphin County while visiting the property located at 6222 Catherine Street, Harrisburg, Dauphin County, Pa., on or about January 15, 1972.

The narrow issue for decision by the court pertains to the residency of respondent as of the time of institution of this habeas corpus proceeding and whether or not Dauphin County has jurisdiction over the two minor children who admittedly are presently residing in Lebanon County, Pa., by virtue of the fact that they were allegedly taken out of Dauphin county on a ruse employed by respondent, Robert David Shuey.

A case with strikingly similar facts is Reilly v. Reilly, 219 Pa. Superior Ct. 85 (1971), opinion by Judge Jacobs.

The sole and narrow issue in the Reilly child-custody

case was whether or not the Court of Common Pleas of Blair County had the authority to hear the controversy. The parents of an 11-year-old son were divorced, with the mother residing in Altoona, Blair County, and the father residing in Camp Hill, Cumberland County. The boy lived with his mother for about five years in Altoona prior to September 5, 1970, on which date the father picked up his son and took him to Camp Hill. Thereafter, on September 16, 1970, the mother petitioned for a writ of habeas corpus in Blair County and after a hearing, which the father did not attend, the court awarded custody to the mother based solely on her testimony and directed the father to return the child to the mother. The father had filed preliminary objections challenging the jurisdiction of the court in Blair County, alleging that the court of Cumberland County had jurisdiction.

The hearing judge in Blair County found as a fact that the father had acquired the boy by trick. As stated, the facts of Reilly v. Reilly are strikingly similar to the facts of the instant case and particularly is this so because in the Reilly case the father obtained the child from the mother allegedly for a weekend visit, just as in the instant case, and instead took the boy to another county.

The Blair County court determined that the boy's legal residence and domicile had for some time been with the mother-appellee in Altoona and that since the father-appellant had acquired his son by ruse or trick, the child's legal residence and domicile continued to be Blair County and thus Blair County had jurisdiction.

The Pennsylvania Superior Court reversed, and, speaking through Judge Jacobs, held:

"It is true that the jurisdiction of the subject matter in a child-custody case, i.e., the right to custody of the child, follows either the domicile of the child or the

residence of the child . . . Furthermore, when parents are divorced or separated, the child takes the domicile of the parent with whom he lives in fact . . . When a child either lives in Pennsylvania or is domiciled in the Commonwealth, Pennsylvania courts have jurisdiction to determine which parent is entitled to custody of the child.

"It has long been recognized that the usual method of obtaining custody of a child is through the use of the writ of habeas corpus. . . . Once it is determined that Pennsylvania courts have jurisdiction over the subject matter in a child-custody action, and habeas corpus is the procedural method used to obtain custody, it is necessary to turn to the statutory provisions governing writs of habeas corpus to determine which court in Pennsylvania has authority to hear the case . . . the courts of common pleas have jurisdiction of the subject matter in child-custody cases (if Pennsylvania has jurisdiction), but not all courts of common pleas have venue in any given case where habeas corpus is used.

"Since this boy admittedly was both domiciled and resided in Pennsylvania, the Common Pleas Court of Blair County was a member of the class of courts having jurisdiction of the custody case. However, venue was not properly placed in Blair County and thus the case should have been dismissed.

". . . the statutes governing writs of habeas corpus make it clear that before a court in a judicial district has the power to determine a writ, the person must be restrained or confined in that district.

"In the instant case, the child at the time the writ of habeas corpus was brought was not restrained in, nor did he reside in, Blair County. The father who allegedly had unlawful custody of the child, but was the person controlling the child and the only one who

could produce the child, did not reside in Blair County and Blair County did not have jurisdiction over him. The fact that control of the child was gained by trick is of no import. Thus, Blair County did not have venue to hear the case."

Returning now to our instant situation, it is clear that the Dauphin County court has no jurisdiction to determine the custody of Audrey Ann Shuey and Justine Marie Shuey who presently reside with their father in Annville, Lebanon County, Pa., at the home of the parents of respondent, Robert David Shuey, where they attend school. The mere fact that Robert David Shuey still owns and maintains a property in Dauphin County at 6222 Catherine Street, Harrisburg, Pa., is of no jurisdictional significance nor is the fact that he was personally served with the petition for a writ of habeas corpus while at that address temporarily. As has been seen, the additional fact that he obtained the children by trick or ruse has no bearing on the jurisdictional aspect of this case.[2]

---

[2] The late Mr. Justice Musmanno considered the distinction between residence, domicile and habitation in Lesker Case, 377 Pa. 411, at page 418 (1954), wherein he said:

"It seems impossible to restrict the terms habitation, residence and domicile to airtight, waterproof compartments. Their meanings seem bound to escape their lexicographical boundaries and mingle with the others since a person's place of *residence* may be identical with his *domicile*, and *habitation* is always a component part of *residence* and *domicile*. However, in strict technical terminology a *habitation* may be defined as an abode for the moment, *residence* a tarrying place for some specific purpose of business or pleasure, and *domicile* the fixed, permanent, final home to which one always intends to return. A person's civil status is determined by his domicile. Thus a business man may have his family home in the suburbs of a city where he lives with his wife and children. No matter where he travels nor how long he remains away, he always returns to his abode. This is his domicile. For business reasons he may have a residence in the city, even living there for

Improper venue, of course, is waived by failure to raise it in preliminary objections, however, as pointed out by Judge Jacobs in Reilly v. Reilly, supra, because prior case law has been unclear as to whether venue or jurisdiction is involved when determining which county has power to hear the case, and because the preliminary objection in the instant situation, although couched in terms of challenging jurisdiction, in effect questions venue, we proceed to decide the question as was done by Judge Jacobs of the Superior Court in the Reilly case under similar facts.

And now, February 17, 1972, it is hereby ordered that the petition for writ of habeas corpus of relatrix, Patricia Ann Lehman, be and the same is hereby dismissed inasmuch as venue is not properly placed in Dauphin County.

---

many months of the year. This residence can never become the basis for voting or for candidacy for office. If travelling, he may stay at a hotel, boarding or rooming house. This would be his habitation and, regardless of expression of intention, could never become his legal domicile." (Emphasis by Supreme Court.)